# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | | |
|---|---|---|---|
| SHAWNTE L. SHADE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:19-CV-051-TWP-DCP |
| | ) | | |
| RUSSELL WASHBURN, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as time-barred [Doc. 8] and a memorandum in support thereof [Doc. 9], as well as the state court record [Doc. 7]. Petitioner filed a response in opposition [Doc. 10] and a memorandum in support thereof [Doc. 11] and Respondent filed a reply [Doc. 12]. For the following reasons, Respondent's motion to dismiss the § 2254 petition [Doc. 8] will be **GRANTED** and this action will be **DISMISSED**.

### I. PROCEDURAL HISTORY

On March 31, 2015, Petitioner pled guilty to one count of especially aggravated robbery [Doc. 7-3 p. 11]. Petitioner did not appeal this conviction, but on February 22, 2016, Petitioner provided a pro se petition for post-conviction relief to prison authorities, which the state court received on February 26, 2016 [Doc. 7-1 p. 4–14] and denied on March 8, 2017 [*Id.* at 20–23]. On March 15, 2017, Petitioner filed a notice of appeal of this decision [*Id.* at 24], on February 27, 2018, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the denial of the post-conviction petition, and on June 6, 2018, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. *Shade v. State*, No. E2017-0562-CCA-R3-PC, 2018 WL

1091925 (Tenn. Crim. App. Feb. 27, 2018), *perm. app. denied* (Tenn. June 6, 2018). On February 15, 2019, the Court docketed Petitioner's § 2254 petition [Doc. 2].

II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review . . . .

28 U.S.C. § 2244(d)(1). The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . ," however. 28 U.S.C. § 2244(d)(2).

For AEDPA purposes, Petitioner's convictions became final on April 30, 2015, the day on which Petitioner's time to file an appeal of the judgment against him expired. *See, e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee petitioner did not pursue a direct appeal, his state court conviction was deemed "final" upon the expiration of the thirty-day time-period in which he could have done so). Thus, the clock began to run on that date and ran for two-hundred and ninety-seven days until it paused on February 22, 2016, date on which Petitioner provided his pro se post-conviction petition for filing. Tenn. Sup. Ct. R. 9(2)(G).[1] The AEDPA statute of limitations clock then began to run again on

---

[1] Respondent and Petitioner agree that the AEDPA clock paused on February 22, 2016, based on Respondent's assertion that Tennessee Supreme Court Rule 9(2)(G) adopted the mailbox rule for post-conviction filings from incarcerated pro se prisoners. The Court notes, however, that the plain language of this rule states that papers that an attorney or pro se petitioner who is not

June 7, 2018, the day after the Tennessee Supreme Court denied Petitioner's application to appeal the denial of post-conviction relief, see *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004) and *Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000),[2] and expired on August 14, 2018.

While Petitioner did not sign his petition or his memorandum in support thereof in violation of Rule 11(a) of the Federal Rules of Civil Procedure[3] and it is therefore unclear when he signed it and/or placed it in the hands of jail officials, Petitioner signed his motion for leave to proceed *in forma pauperis* on January 4, 2019 [Doc. 1 p. 2], the envelope for his § 2254 petition is postmarked February 8, 2019 [Doc. 2-1 p. 1], and Petitioner does not dispute or question the fact that the Court filed his petition on February 11, 2019, in his response in opposition to Respondent's motion to dismiss the petition as untimely [Doc. 11 p. 6]. Thus, it is apparent that the earliest date on which Petitioner placed his petition in the hands of jail officials was in January 2019, and it is therefore untimely by more than three months.

---

incarcerated files are filed on the date the court receives them, but that papers that incarcerated pro se petitioners file that the clerk receives "after the time fixed for filing" are "timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. Sup. Ct. R. 28, Sec. 2(G). Thus, the plain language of this rule does not specify the date on which papers that an incarcerated pro se petitioner timely files are deemed filed. Regardless, as the Court has not found any Sixth Circuit or Tennessee case law interpreting the language of this rule as it applies to this issue and it is at least arguable that this rule intended to implement the mailbox rule for post-conviction filings for incarcerated pro se prisoners, for purposes of this order, the Court accepts the parties' assertion that the AEDPA clock paused on the date on which Petitioner provided prison authorities with his pro se petition for post-conviction relief, as the four-day discrepancy between the date on which Petitioner signed his post-conviction petition and the date on which the state court received it is not material to the Court's determination that Petitioner's § 2254 petition is time-barred.

[2] As Respondent correctly points out in his reply, the AEDPA statute of limitations was not tolled during the ninety days in which Petitioner could have filed a petition for a writ of certoriari with the United States Supreme Court regarding the denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

[3] Rule 11(a) requires that a party not represented by counsel personally sign every pleading, written motion, or other paper filed in the court.

The AEDPA statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he has diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing the petition. *Holland*, 560 U.S. at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

Petitioner's arguments that he is entitled to equitable tolling are that: (1) the AEDPA statute of limitations was tolled during the ninety days in which he could have filed a petition for a writ of certiorari with the Supreme Court after the TCCA affirmed the state court's denial of his petition for post-conviction relief; and (2) the prison in which he was incarcerated was on administrative lockdown between August 31, 2018, and February 4, 2019, and the entire prison population of the Tennessee Department of Correction was on lockdown from January 10, 2019, through February 4, 2019 [Doc. 11 p. 3–5].

As set forth above, however, the AEDPA statute of limitations was not tolled during the ninety days in which Petitioner could have filed a petition for a writ of certiorari with the United States Supreme Court regarding the denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Further, Petitioner has not set forth any reason that he could not have filed his § 2254 petition between the dates of June 7, 2018, through August 14, 2018, despite Respondent noting in his reply that the Supreme Court overruled the law on which Petitioner relied for this argument, and Petitioner's lack of knowledge regarding the statute of limitations is

insufficient to entitle him to equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling").

Moreover, Petitioner attached a law library log that he states supports his assertion that lockdowns prevented him from timely § 2254 petition [Doc. 11-1]. These records, however, show that a number of inmates logged into the law library between June 7, 2018, and February 6, 2019 [Doc. 11-1 p. 6–70], and therefore do not, on their face, support Petitioner's assertion that lockdowns prevented him from timely § 2254 petition, and Petitioner has not provided any other support for this assertion. Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations, his § 2254 petition is time-barred, and this action will be **DISMISSED**.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

### IV. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred [Doc. 8] will be **GRANTED**;

2. The Clerk will be **DIRECTED** to send a copy of the signature pages of the petition [Doc. 2 p. 14–15] and the memorandum in support thereof [Doc. 3 p. 37–38] to Petitioner, who shall have fifteen days from the date of entry of this order to return signed copies thereof;

3. If Petitioner does not timely submit signed copies of these documents, his unsigned petition and memorandum [Docs. 2 and 3] will be **STRICKEN** from the record;

4. A COA will not issue; and

5. This action will be **DISMISSED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE
